# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID AUGUST KILLE,

    Petitioner,

vs.

JAMES GREG COX, et al.,

    Respondents.

Case No. 2:15-cv-00062-JCM-GWF

**ORDER**

    Before the court are respondents' motion to dismiss (#10), petitioner's opposition (#12) and supplement (#13), respondents' reply (#16), petitioner's second supplement (#24), and respondents' response to the second supplement (#25). The court finds that it cannot grant any relief to petitioner beyond what petitioner already has received, and the court dismisses the action.

    On September 4, 2003, the state district court convicted petitioner of one count of sexual assault with a minor under 16 years of age and one count of attempted sexual assault with a minor under 16 years of age. For the count of sexual assault, petitioner was sentenced to 240 months in prison with a minimum parole eligibility of 60 months. For the count of attempted sexual assault, petitioner was sentenced to a maximum term of 240 months and a minimum term of 24 months, consecutive to the sentence for the count of sexual assault. Ex. 1 (#11).

    On June 2, 2011, petitioner's sentence on the count of sexual assault expired. On June 3, 2011, petitioner started serving his sentence on the count of attempted sexual assault. Motion, at 2 (#10). Petitioner was given a parole eligibility date of June 3, 2013, or two years after he started this sentence. On March 6, 2013, the Nevada Board of Parole Commissioners held a hearing on

petitioner's upcoming parole eligibility date and denied petitioner further consideration of parole until June 1, 2016. Ex. 3 (#11). On March 9, 2016, the Nevada Board of Parole Commissioners held another hearing on whether to parole petitioner. The court does not know the result of that hearing.

Petitioner is not challenging the validity of the judgment of conviction. Instead, he is challenging the computation of time before he became eligible for parole on the sentence of the count of attempted sexual assault.

Petitioner earns a deduction of his sentence each month that he is on good behavior. Nev. Rev. Stat. § 209.4465(1). When petitioner was sentenced, § 209.4465 statute also stated:

> 7. Credits earned pursuant to this section:
>
> (a) Must be deducted from the maximum term imposed by the sentence; and
>
> (b) Apply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole.

A 2007 amendment to § 209.4465 added this provision, with emphasis added:

> 8. Credits earned pursuant to this section by an offender who has not been convicted of:
>
> (a) Any crime that is punishable as a felony involving the use or threatened use of force or violence against the victim;
>
> (b) <u>A sexual offense that is punishable as a felony</u>;
>
> (c) A violation of NRS 484C.110, 484C.120, 484C.130 or 484C.430 that is punishable as a felony; or
>
> (d) <u>A category A or B felony</u>,
>
> apply to eligibility for parole and must be deducted from the minimum term imposed by the sentence until the offender becomes eligible for parole and must be deducted from the maximum term imposed by the sentence.

The statute has been amended after 2007, but those amendments are not relevant to the current case.

Also governing eligibility for parole is Nev. Rev. Stat. § 213.120, which states in relevant part and with emphasis added:

> 2. Except as otherwise provided in NRS 213.1213 and as limited by statute for certain specified offenses, a prisoner who was sentenced to prison for a crime committed on or after July 1, 1995, may be paroled when the prisoner has served the minimum term or minimum aggregate term of imprisonment imposed by the court. <u>Except as otherwise provided in NRS 209.4465, any credits earned to reduce his or her sentence pursuant to chapter 209 of NRS</u>

<u>while the prisoner serves the minimum term or minimum aggregate term of imprisonment may reduce only the maximum term or the maximum aggregate term of imprisonment imposed, as applicable, and must not reduce the minimum term or the minimum aggregate term of imprisonment, as applicable.</u>

Although the judgment of conviction uses the same phrasing in sentencing for both counts, the statutes are different. At the time, sexual assault upon a child under 16 was a category A felony and was punished, "For a definite term of 20 years, with <u>eligibility for parole beginning when a minimum of 5 years has been served</u>." Nev. Rev. Stat. § 200.366(3)(b)(2) (2002). Attempt to commit sexual assault is an attempt to commit a category A felony, and at the time it was punished, "[f]or a category B felony by imprisonment in the state prison for a <u>minimum term of not less than 2 years</u> and a maximum term of not more than 20 years." Nev. Rev. Stat. § 193.330(1)(a)(1) (2002) (emphasis added).

Petitioner bases his arguments upon the difference between the emphasized phrases. First, he argues that the phrase "minimum term of not less than 2 years" means that his credits earned pursuant to § 209.4465(1) must be applied to his minimum term on the count of attempted sexual assault pursuant to § 209.4465(7), because that phrase does not actually impose a minimum eligibility before becoming eligible for parole. Second, he argues that the respondents have been applying § 209.4465(8) to him to keep the credits from being applied to the minimum term. Attempted sexual assault is both a sexual offense that is punishable as a felony and a category B felony, which falls within § 209.4465(8)'s prohibition of applying credits toward the minimum term and parole eligibility. Petitioner argues that § 209.4465(8) was enacted after his offenses, and thus applying it against him violates the <u>ex post facto</u> clause of the Constitution of the United States.

In petitioner's case, the Nevada Supreme Court found no <u>ex post facto</u> violation in an unpublished order. It noted that § 209.4465 was not amended to allow credits to be applied to the minimum term and to parole eligibility until 2007. Consequently, if § 209.4465(8) did not apply to petitioner, then his credits would not apply to parole eligibility because the prior existing version of the statute did not allow that. If § 209.4465(8) did apply to petitioner, then his credits still would not apply to parole eligibility because petitioner was convicted of a felony sexual offense and a category B felony. Ex. 8, at 2-3 (#11).

Although § 209.4465(8) was not part of the statute at the time of petitioner's conviction, § 209.4465(7) has been part of the statute since its initial enactment. It states that credits "[a]pply to eligibility for parole <u>unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole</u>." Nev. Rev. Stat. § 209.4465(7)(b) (emphasis added). The Nevada Supreme Court's decision in petitioner's case seems to assume that a minimum term of imprisonment, such as that imposed upon petitioner pursuant to § 193.330(1)(a)(1), fell within the emphasized exception of § 209.4465(7)(b).

However, in another unpublished order, <u>Vonseydewitz v. Legrand</u>, 2015 WL 3936827 (Nev. June 24, 2015), the Nevada Supreme Court held the opposite. Vonseydewitz was sentenced to two concurrent terms of 8 to 20 years for one count of attempted lewdness with a child under the age of 14 and one count of attempted sexual assault with a child under the age of 14. The same sentencing statute, Nev. Rev. Stat. § 193.330(1)(a)(1), applied to both petitioner and Vonseydewitz. The Nevada Supreme Court held that minimum-term sentences do not fall within the exception of § 209.4465(7)(b); that is, credits do apply to a minimum term and to parole eligibility for a sentence described as a minimum term.[1] The Nevada Supreme Court rejected the argument that § 213.120 superseded § 209.4465(7)(b). Finally, the Nevada Supreme Court held that Vonseydewitz was not suffering an <u>ex post facto</u> violation by retroactive application of § 209.4465(8); rather, the Nevada Department of Corrections was applying § 209.4465(7) incorrectly. In rejecting <u>en banc</u> reconsideration, the Nevada Supreme Court noted, "Contrary to respondent's assertions, the sentences that could be affected under the panel's reasoning are . . . where the sentence has not expired nor the inmate gone before the parole board for that sentence, see <u>Niergarth v. Warden</u>, 105 Nev. 26, 29, 768 P.2d 882, 884 (1989)[.]" Petitioner's second supplement, ex. 3, at 1 n.2 (#24). <u>Niergarth</u> held that parole cannot be granted retroactively in Nevada.

The court does not know why petitioner did not have credits applied to his minimum term for the count of attempted sexual assault. Petitioner alleges in the petition that it is an <u>ex post facto</u>

---

[1] In contrast, a sentence that established a minimum parole eligibility, such as sentence that petitioner served on the count of sexual assault, is governed by the exception in § 209.4465(7)(b).

-4-

application of § 209.4465(8). If the court accepts the decision of the Nevada Supreme Court in petitioner's case, then no ex post facto violation has occurred. Instead, like Vonseydewitz, the Nevada Department of Corrections was applying § 209.4465(7)(b) to not apply credits to petitioner's minimum term. If that is the case, then the only effective difference between petitioner's case and Vonseydewitz's case is that petitioner has been before the parole board, while Vonseydewitz has not been before the parole board.

The court cannot grant petitioner any relief. The court cannot order petitioner released on parole, because a prisoner in Nevada does not have a constitutionally protected liberty interest in being released on parole. Moor v. Palmer, 603 F.3d 658, 662–63 (9th Cir. 2010). In his opposition, petitioner argues that the court should vacate the plea agreement and judgment of conviction and order petitioner released immediately. Opposition, at 21 (#12). That claim for relief appears nowhere in the petition (#5). Furthermore, petitioner is not challenging the validity of the judgment of conviction.[2] He is challenging the computation of his parole eligibility. The only relief that the court could order is an immediate parole hearing. However, petitioner had just such a hearing a few weeks ago, on March 9, 2016. Response, ex. 1 (#25). The court does not have the power to do anything that has not already been done.

Reasonable jurists would not find the court's decision to be debatable or wrong, and the court will not issue a certificate of appealability.

The court denies petitioner's motion to strike (#17), petitioner's second motion to extend prison copywork limit (#20), and petitioner's motion to show just cause (#21) as moot because the court is dismissing this action.

IT IS THEREFORE ORDERED that petitioner's motion to strike (#17) is **DENIED** as moot.

---

[2] The court cannot construe his petition to include a challenge to the validity of his judgment of conviction. Petitioner filed such a petition in Kille v. Donat, 3:06-cv-00492-LRH-VPC. The court dismissed that petition as untimely under 28 U.S.C. § 2244(d). Petitioner's appeal was unsuccessful. Petitioner would need to obtain authorization from the court of appeals to file a second or successive petition before this court could consider another challenge to his judgment of conviction. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009).

IT IS FURTHER ORDERED that petitioner's second motion to extend prison copywork limit (#20) is **DENIED** as moot.

IT IS FURTHER ORDERED that petitioner's motion to show just cause (#21) is **DENIED** as moot.

IT IS FURTHER ORDERED that respondents' motion to dismiss (#10) is **GRANTED**. This action is **DISMISSED**. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: March 29, 2015.

_____
JAMES C. MAHAN
United States District Judge